UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:22-cr-20245 |
| Plaintiff, | Hon. Sean F. Cox<br>United States District Judge |
| v. | |
| Alexander James Decker, | |
| Defendant. | |

### THE UNITED STATES OF AMERICA'S
### SENTENCING MEMORANDUM

"I want one of u peeing while laying back in the shower first. like laying back and peeing up and out. like a distance pee. i'm sending ur nudes out. u had too many chances. hopefully your parents won't mind too much. but expect some stuff in the mail too. plus all ur videos."

(PSR ¶ 11G). That message was the culmination of an elevating pattern of threats, intimidation, and coercion that Alexander engaged in to obtain sexually explicit images of a 13-year-old minor. Decker was not satisfied simply with obtaining images that aroused him, he also needed to humiliate and terrify the individual he obtained them from. In doing so, he severely impacted the childhood of MV-1 and likely his other victims as well. The Court should sentence him accordingly.

1

## I. DECKER'S OFFENSE IS AMONGST THE MOST SERIOUS AN INDIVIDUAL CAN COMMI

The first factor for the Court to consider when fashioning a sentence is the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1). Decker committed one of the most serious violations of federal law. The sentence involves a mandatory minimum of 15 years' imprisonment, which itself demonstrates the seriousness of the offense.

Decker tortured and sexually assaulted a 13-year-old girl. He threatened and extorted her to put a hairbrush into her vagina despite her protestations that it was painful. The Court should treat this no differently than if Decker was in the same room threatening the victim and forcing her to engage in these acts.

Decker threatened the victim in numerous ways---threatening to tell her parents, threatening to send hundreds of dollars of pizza to her house, threatening to mail her feces, and threatening to distribute sexually explicit images of her. (PSR ¶ 11C, 11G). Decker engaged in a campaign of terror against a middle-school girl for his own sexual enjoyment. The images that he demanded involved putting her in pain and humiliating her, as he demanded and received images of her

2

inserting objects into her vagina and of her urinating, asking her for an image of a "distance pee." *Id.*

Decker also committed these acts with other minors as well, attempting to or successfully engaging in the sexual exploitation of children. Decker admitted to engaging in serial coercion and intimidation of minor females to obtain sexually explicit images.

If MV-1 had harmed herself or even killed herself because of Decker's harassment and threats, it would not be the first time that such online exploitation led to the loss of life. Thankfully, she did not do so, but Decker's actions created a real risk of such an event. Even without the physical harm, the harm that Decker caused was significant. As MV-1 states in her victim impact statement,

> I couldn't tell anyone, and I felt trapped in a box. I held such a weight on my shoulders, and I carried it by myself for months. I couldn't sleep, I could barely eat, and at times I felt I couldn't even breathe. I couldn't tell anyone because I didn't know where you were, or what you were capable of doing to me or my family.

(Exhibit A, Victim Impact Statement). MV-1's family is likely to attend the sentencing, coming from Georgia to attend the proceedings. Their presence alone speaks to the massive effect that Decker's actions have had on their daughter and their entire family.

3

Decker's horrific and cruel actions require a significant sentence from the Court.

## II. DECKER'S BEHAVIOR REPRESENTS A PATTERN AND HIS MENTAL HEALTH ISSUES DO NOT EXPLAIN OR EXCUSE HIS BEHAVIOR

The Court also considers the history and characteristics of the defendant when deciding the appropriate sentence. 18 U.S.C. § 3553(a)(1). Here, Decker's character is enormously troubling because repeated efforts to treat his mental health issues have not resulted in any control over his behavior. (PSR ¶¶ 44-52). Moreover, it appears that Decker has previously distributed and posted nude images of ex-girlfriends, showing that this behavior is a pattern that includes those he knows personally. (Exhibit B, 302 of Decker's Female Relative). A female relative of Decker's, interviewed on the date of the search warrant, indicated that Decker had sent the brother of one of his ex-girlfriend's nude images of his own sister during an argument. She also indicated that a nude image of another of Decker's ex-girlfriends was posted online, causing police to come to their residence previously. *Id.*

Decker knew he had serious mental health issues. His family repeatedly sought to treat him for them, and Decker failed to take the medication that a doctor prescribed to him. (Def. Sent. Mem at 4-5). He instead chose to take several recreational drugs, which exacerbated his conditions. (PSR ¶ 51). Decker's sentencing memorandum seeks to chalk this up to a youthful error, but it is much more significant than that. His failure to take prescribed medications and follow through with treatment is a characteristic that makes him more dangerous---not a factor that explains or lessens the seriousness of this offense.

But Decker's mental illness cannot fully explain his actions, as there are many individuals with similar conditions that do not devolve into a reign of terror.

Decker appears to claim that the death of his grandmother and his injury that ended his athletic endeavors played some role, noting the large effect that they too played on his life. But losing a sense of identity or a loved one is not a road to the torture of others. Decker's primary characteristic of concern to the Court is his persistent terrorization of minor females, one that cannot fully

5

be accounted for by any event or illness. Decker's actions are neither explainable nor excusable.

### III. A LENGHTY SENTENCE IS NEEDED TO PROTECT THE PUBLIC FROM DECKER AND REPRESENT THE SERIOUS NATURE OF THE OFFENSE

Other sentencing factors also favor a sentence that does not drop below the bottom of the guidelines, including the danger that Decker poses to the public, the need to deter Decker and others from future similar behavior, and the need for the sentence to reflect the serious nature of the offense. 18 U.S.C. § 3553(a)(2)(A-C). Here, those factors favor the Court sentencing Decker to a significant sentence above the mandatory minimum. Decker has proved himself someone that the Court must protect the community from, and those who seek to terrorize and sextort minors must know that Courts will not take such offenses lightly. The sentence sought by Decker is one that does not reflect the seriousness of the offense, and a sentence at the bottom of the guidelines is far more appropriate.

### IV. CONCLUSION

Decker represents the absolute worst of what can happen to a vulnerable minor online. He groomed, enticed, threatened, and

terrorized minor females in a pathetic attempt to make himself feel powerful and obtain sexually explicit images of minors. Decker's actions are not momentary lapses in judgment but a deliberate, planned set of actions to inflict fear and shame, feelings that victims sometimes live with for the remainder of their lives. Decker may have been young for a federal defendant when he committed this offense, but this victim was markedly younger. Decker's offense requires a significant sentence, one that far exceeds the mandatory minimum he seeks.

                                      Respectfully submitted,

                                      DAWN N. ISON
                                      United States Attorney

Date: October 26, 2022

                                      <u>s/CHRISTOPHER W. RAWSTHORNE</u>
Christopher W. Rawsthorne
Assistant United States Attorney
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9160

Christopher.rawsthorne@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2022, the foregoing document was served via filing on the ECF system by an employee of the United States Attorney's Office to the following:

Natasha Webster

J.P. Nogues

                                             s/CHRISTOPHER RAWSTHORNE
                                             United States Attorney's Office\