## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         Criminal Case No. 22-20245

ALEXANDER JAMES DECKER,      Sean F. Cox
                                     United States District Court Judge

      Defendant.

_____/

### OPINION & ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Alexander James Decker ("Defendant") was convicted of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and was sentenced to 30 years in prison. The matter is currently before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon a variety of assertions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs.  As explained below, the Court shall deny the motion without prejudice.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a).  On November 2, 2022, this Court sentenced Defendant to a 30-year prison term.

Defendant filed a direct appeal but it was later voluntarily dismissed by Defendant.  (*See* ECF No. 47).

On November 8, 2023, Defendant filed a *pro se* Motion for Compassionate Release. (ECF No. 48).  Defendant contends that the after-effects of the COVID-19 pandemic, combined

with his alleged health condition (asthma), and his alleged mental health issues, constitute extraordinary and compelling reasons for his immediate release from prison.

The Government filed a response to the motion on January 29, 2024, asserting that Defendant has "not demonstrated or even asserted that he exhausted his administrative remedies or made a request for compassionate release to a warden."  (ECF No. 50 at 1).

The docket reflects that this Court's order, setting for the briefing on the pending motion, was sent to Defendant but was returned as undeliverable.  As such, the Court will address the motion without further delay.

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit examined the nature of these requirements for a defendant's motion for compassionate release.  In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule.  *Id*. at 833.  If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice.  *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement.  *Id*. at 834.

The Government responded to Defendant's motion, asserting that the Court must dismiss the motion without prejudice.  As the Government correctly notes, Defendant has not shown that

he has exhausted his administrative remedies.  As such, the Court must dismiss the motion without prejudice.

## CONCLUSION & ORDER

Accordingly, the Court **ORDERS** that Defendant's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE.**  Defendant may file a new motion for compassionate release: 1) after he properly submits a compassionate release request with his warden and fully exhausts his administrative rights to appeal an adverse decision, or 2) 30 days after his warden receives his compassionate release request.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 8, 2024